UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| iTALENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>RAJU KOTHA, et al.,<br><br>    Defendants. | Case No.  25-cv-06365-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 11] |

Before the Court is Plaintiff iTalent Corporation's Administrative Motion to Seal. ECF No. 11 ("Mot."). For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's administrative motion.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Civil Local Rule 79-5 requires the
3  moving party to provide "evidentiary support from declarations where necessary."  Civ. L.R. 79-
4  5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material."
5  Civ. L.R. 79-5(c)(3).

## II.  DISCUSSION

Plaintiff iTalent Corporation ("itD") seeks to seal several exhibits attached to its Application for a Temporary Restraining Order.  Mot. at 1.  None of the Defendants submitted any response.

itD asserts that material it seeks to seal pertains to "granular details of the confidential financial information" of its projects and "business development communications with its customers and potential customers."  *Id.*  itD argues that the information it seeks to seal is comprised of the company's "financial lifeblood" and "key business development" information.  *Id.* at 2.  The disclosure of this information, itD argues, will lead to irreparable injury.  *Id.* at 2–3.

As the sealing request relates to an application for a temporary restraining order, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard.  *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

The "compelling reasons" standard is met for confidential business information, including financial records, that would harm a party's competitive standing.  *See Day v. GEICO Cas. Co.*, No. 21-cv-02103-BLF, 2023 WL 5955795, at *2 (N.D. Cal. Aug. 30, 2023) (finding compelling reasons to seal "non-public financial information" because its release would "threaten . . . competitive interests"); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons to seal "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's

competitive standing"). Accordingly, the Court finds that itD has demonstrated compelling reasons to seal certain exhibits comprised of financial material, as indicated below in the chart. With respect to those exhibits, the Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court finds that itD has not demonstrated compelling reasons to seal the remaining documents. ECF No. 11-11 appears to be an email thread listing an employee's daily task completion list, which was filed with client names already redacted. Yet itD does not explain how the release of this exhibit—which it seeks to seal entirely—would reveal any confidential or sensitive information, let alone "jeopardiz[e] plaintiff's competitiveness in the market." Mot. at 1. ECF Nos. 11-12, 11-13, and 11-14 are all also pre-redacted correspondence that seem to reveal no sensitive financial or client information or business development strategies. itD does not explain why the release of any portion of these documents would harm its competitive standing. Furthermore, the Court finds that even if compelling reasons exist to seal some portions of these documents, the requests are not narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| 11-6 | Ex. A to Declaration of Renee La Londe ("La Londe Decl.") | Entire document. | GRANTED as containing confidential financial information. |
| 11-7 | Ex. B to La Londe Decl. | Entire document. | GRANTED as containing confidential financial information. |
| 11-11 | Ex. F to La Londe Decl. | Entire document. | DENIED as overbroad. |
| 11-12 | Ex. G to La Londe Decl. | Entire document. | DENIED as overbroad. |

3

| 11-13 | Ex. H to La Londe Decl. | Entire document. | DENIED as overbroad. |
| 11-14 | Ex. I to La Londe Decl. | Entire document. | DENIED as overbroad. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Administrative Motion to Seal, ECF No. 11, is GRANTED IN PART AND DENIED IN PART.

All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than **September 29, 2025**. Plaintiff SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **September 29, 2025**, unless it is filing a renewed sealing motion for any document in that filing.

**IT IS SO ORDERED.**

Dated:  September 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4