**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| iTALENT CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>RAJU KOTHA, et al.,<br><br>            Defendants. | Case No.  25-cv-06365-BLF<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART RAJU KOTHA AND PRIYA KOTHA'S MOTION TO DISMISS**<br><br>[Re:  ECF No. 41] |

Before the Court is Defendants Raju Kotha and Priya Kotha's Motion to Dismiss the First Amended Complaint based on lack of personal jurisdiction and improper service of the summons and complaint.  *See* ECF No. 41 ("Mot."); *see also* ECF No. 59 ("Reply").  Plaintiff iTalent Corporation ("itD") opposes.  *See* ECF No. 56 ("Opp.").  The Court held a hearing on the motion on January 22, 2026.  *See* ECF No. 80 ("Minute Entry").  For the reasons stated on the record by the Court at the hearing and those that follow, the Court GRANTS-IN-PART and DENIES-IN-PART the motion.

## I.      BACKGROUND

### A.  Facts

The Parties are familiar with the facts of this case, which the Court briefly summarizes in relevant part.  itD is a California corporation that offers technology services to clients. Declaration of Renee La Londe, ECF No. 56-1 ("La Londe Decl.") ¶ 4.  iTalent Application Pvt. Ltd. ("iTalent Application") was formed in 2014.  *Id.* ¶ 6.  Although it is a distinct entity, iTalent Application is, in practice, itD's India office.  *Id.*  All of its revenue comes from pass-through billing to itD.  *Id.*

Defendant Raju Kotha was hired as the Technical Manager of iTalent Application in 2014.

United States District Court  
Northern District of California

United States District Court
Northern District of California

*Id.* ¶ 8. In 2015, Defendant Priya Kotha was hired as iTalent Application's Finance and Operations Manager. *Id.* ¶ 9. *Id.* Both Raju Kotha and Priya Kotha are citizens of India. Declaration of Raju Kotha in Support of Motion to Dismiss, ECF No. 43 ("Raju Kotha Mot. Decl.") ¶ 3; Declaration of Priya Kotha in Support of Motion to Dismiss, ECF No. 44 ("Priya Kotha Mot. Decl.") ¶ 3. They are also married. Raju Kotha Mot. Decl. ¶ 4; Priya Kotha Mot. Decl. ¶ 4.

itD alleges that Raju Kotha and Priya Kotha, along with the other Defendants in the case, engaged in a scheme to poach itD's clients and spin off iTalent Application as a competitor to itD. Among Raju Kotha and Priya Kotha's alleged misconduct includes their hijacking itD's accounts, systems, and web domains, and deleting emails from the Defendants' accounts. *See, e.g.*, ECF No. 10 ("FAC") ¶¶ 24, 33–34, 50–56. itD also alleges that Raju Kotha and Priya Kotha retained and paid nonexistent iTalent Application employees and otherwise falsified iTalent Application's books to siphon funds. *Id.* ¶¶ 30–31.

Both Raju Kotha and Priya Kotha "deny committing any wrongful act as to itD." Declaration of Raju Kotha in Support of Reply, ECF No. 59-1 ("Raju Kotha Reply Decl.") ¶ 11; Declaration of Priya Kotha in Support of Reply, ECF No. 59-2 ("Priya Kotha Reply Decl.") ¶ 11.

**B. Procedural History**

This case was filed on July 29, 2025. ECF No. 1. The suit was initially brought only against Raju Kotha. *Id.* ¶ 3. He was served by personal service, in San Francisco, California, on July 31, 2025. ECF No. 55; Raju Kotha Mot. Decl. ¶ 12; La Londe Decl. ¶ 32. On August 29, 2025, itD filed a First Amended Complaint, which added Priya Kotha, Caleb Hernandez, and Fred Walters as defendants. FAC ¶¶ 11-13.

Shortly after the FAC was filed, itD submitted a motion for a temporary restraining order ("TRO") and preliminary injunction. *See* ECF No. 11-3. itD sought an order enjoining the Defendants from taking any steps in furtherance of the scheme to wrest control of iTalent Application and directing the Defendants to restore the status quo ante. *Id.*

Upon receipt of the TRO application, the Court ordered itD to "provide Defendants with a copy of the Summons, First Amended Complaint, the Motion for a Temporary Restraining Order

2

and Preliminary Injunction, [and] the accompanying declarations and exhibits." ECF No. 13 at 2. The Court further ordered that "[e]mail service [was] permitted." *Id.* itD submitted an initial certificate of email service, that did not include summons, because summons had not yet been issued, ECF No. 14, and an amended certificate of email service that included summons, ECF No. 23.

Raju Kotha and Priya Kotha specially appeared and opposed the TRO application. ECF No. 28. They contested the adequacy of service and personal jurisdiction. *Id.* And in the Order denying itD's motion for a TRO, the Court deferred any ruling on those issues until Raju Kotha and Priya Kotha's motion to dismiss could be heard. ECF No. 47 at 11. That motion to dismiss is now before the Court.

## II.    LEGAL STANDARD

### A.  Service of Process

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A motion to dismiss may be brought under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, a court "has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

"The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Or. 2013). "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Moletech Global Hong Kong Ltd. v. Pojery Trading Co.*, No. 09-cv-00027-SBA, 2009 WL 506873, at *3 (N.D. Cal. Feb. 27, 2009) (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30–31 (3rd Cir. 1992)).

United States District Court
Northern District of California

### B. Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a pleading for "lack of personal jurisdiction." Fed. R. Civ. Pro. 12(b)(2). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). Therefore, the Court may exercise personal jurisdiction over a nonresident defendant so long as he has "at least 'minimum contacts' with [California] such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Challenge to personal jurisdiction under Rule 12(b)(2) may be based on materials outside the complaint. *See Schwarzenegger*, 374 F.3d at 800. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800 (citations omitted).

### III.    REQUEST FOR JUDICIAL NOTICE

Defendants Raju Kotha and Priya Kotha request that the Court take judicial notice of the fact that (A) India is a signatory to the Hague Service Convention, and (B) service of process on Indian citizens must be in accordance with Article 5 of the Hague Service Convention. Request for Judicial Notice, ECF No. 42 ("RJN"). itD does not oppose.

4

A court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

That India is a signatory to the Hague Service Convention and the Articles thereof constitute adjudicative facts that are not subject to reasonable dispute, so the Court GRANTS Defendants' request with respect to those facts. Whether service of process on Indian citizens "must" be in accordance with the Hague Service Convention is a legal issue that the Court will discuss below. The Court further notes that under Rule 44.1 of the Federal Rules of Civil Procedure, "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.

## IV.    EVIDENTIARY OBJECTIONS

In their reply brief, Raju Kotha and Priya Kotha raise a barrage of evidentiary objections in connection with exhibits attached to itD's opposition brief. Reply at 1–4. These objections are based on, *inter alia*, hearsay, lack of foundation, speculation, lack of personal knowledge, relevance, and the best evidence rule. None of these objections relate to evidence upon which the Court relies, so the Court need not address them.

## V.    RAJU KOTHA

Raju Kotha seeks to dismiss the FAC on the grounds that Summons and Service of Process were inadequate and itD lacks personal jurisdiction over him. itD contends that Raju Kotha was properly served by personal service in San Francisco, California, which amounts to sufficient service and gives rise to personal jurisdiction.

### A.  Summons

Raju Kotha urges the summons was defective because the summons associated with the

United States District Court
Northern District of California

FAC did not list him as a defendant and no summons listed his address. Mot. at 7. itD asserts that because summons had already been issued as to Raju Kotha in connection with the initial complaint, the later summons need not include him. Opp. at 12–13. itD further argues that itD did not include Raju Kotha's address because the Clerk of the Court instructed it not to. *Id.*

The Court agrees with itD. First, Raju Kotha was personally served with the initial complaint and summons, so he need not have been listed in the summons issued in connection with the FAC. Second, while a summons must state the address of the plaintiff's attorney or the pro se plaintiff, "[t]echnical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). Raju Kotha makes no attempt to explain how he was prejudiced by the lack of address in the summons. The Court will accordingly not dismiss on this basis.

### B. Service of Process

Raju Kotha next argues that email service of the amended complaint is insufficient, because it violates his due process rights under the Hague Service Convention and the Federal Rules of Civil Procedure. Mot. at 7–8. itD contends that Raju Kotha was properly served with the initial complaint by personal service in California on July 31, 2025, and only service of the initial pleading is governed by Rule 4 of the Federal Rules of Civil Procedure. Opp. at 13–14.

The Court first considers whether the Hague Service Convention governs service with respect to Raju Kotha. Sufficiency of service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(f) governs service on an individual in a foreign country. Fed. R. Civ. P. 4(f). As relevant here, Rule 4(f) provides that an individual "may be served at a place not within any judicial district of the United States" by "any internationally agreed means of service" (such as the Hague Service Convention). *Id.* Here, because Raju Kotha was personally served in California, which is within a judicial district of the United States, Rule 4(f) and the Hague Service Convention are not implicated. *See Calista Enters. Ltd. v. Tenza Trading Ltd.*, 40 F. Supp. 3d 1371, 1376 (D. Or. 2014) ("If service is effected domestically, then the Hague Service Convention does not apply.").

The Court turns to consideration of whether service was adequate. Federal Rule of Civil

United States District Court
Northern District of California

United States District Court
Northern District of California

Procedure 4(e)(2)(A) provides that an individual within a judicial district of the United States may be served by personal delivery of the summons and complaint. Fed. R. Civ. P. 4(e)(2)(A). itD effectuated personal service of the initial complaint on Raju Kotha in San Francisco, California on July 31, 2025. ECF No. 55; Kotha Mot. Decl. ¶ 12; La Londe Decl. ¶ 32. Thus, he was properly served in the Northern District of California.

To the extent Raju Kotha asserts that he must also have been served with the FAC under Rule 4, that argument is unavailing. "An amended complaint need only be served in the manner provided by Rule 4 when (1) a party is 'in default for failure to appear' *and* (2) the 'pleadings assert[ ] new or additional claims for relief.'" *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007) (quoting Fed. R. Civ. P. 5(a)). Raju Kotha is not in default for failure to appear. Thus, service of the FAC is governed by Rule 5.

Rule 5 enumerates methods of proper service of a pleading filed after the original complaint. Fed. R. Civ. P. 5. One such method is "mailing [the document] to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C). At the hearing, the Court ordered service of the FAC on Raju Kotha by mail to satisfy Rule 5. Raju Kotha's Counsel stated that he may be unwilling to disclose Raju Kotha's address. Thus, the Court ordered service of the FAC by email. *See* Minute Entry.

On January 22, 2026, itD submitted a certificate of both mail and email service of the FAC on Raju Kotha. ECF No. 79. The Court accordingly finds that service of the FAC is sufficient under Rule 5.

### C. Personal Jurisdiction

Finally, Raju Kotha argues that because he is an Indian citizen and resident, he is not subject to general personal jurisdiction in California and the Court also lacks specific personal jurisdiction over him. Mot. at 4–7. itD contends that this Court has jurisdiction because he was properly served while physically present in California, and, in the alternative, the Court has specific personal jurisdiction over him. Opp. at 2–9.

As discussed above, Raju Kotha was properly served while physically present in San Francisco, California. ECF No. 55; Kotha Mot. Decl. ¶ 12; La Londe Decl. ¶ 32. Personal

jurisdiction may be exercised over a defendant who is present and properly served in the forum state. *Burnham v. Superior Ct. of Cal., Cnty. of Marin,* 495 U.S. 604, 619, 628 (1990); *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 741 (N.D. Cal. 2015) (collecting cases). Thus, this Court has personal jurisdiction over Raju Kotha, and the FAC is not subject to dismissal on this basis.

Insofar as Raju Kotha asserts that he was lured to California by itD, that argument is belied by the evidence. Raju Kotha states that at the request of La Londe, he came from his home in India to meet with her in person. Raju Kotha Mot. Decl. ¶ 12. To the contrary, itD's evidence demonstrates that Raju Kotha affirmatively asked La Londe to meet in California, rather than India. La Londe Decl. Exs. E, F.

Having determined that Raju Kotha is subject to personal jurisdiction on the basis of personal service, the Court need not consider the Parties' remaining arguments.

## VI.    PRIYA KOTHA

Priya Kotha likewise argues that summons and service of process were insufficient and she is not subject to personal jurisdiction. itD asserts that the summons was not defective, service of process was proper, and the Court has specific jurisdiction over her as a consequence of her conduct directed at the forum state.

### A.  Summons

Priya Kotha contends that the summons associated with the FAC was defective because it did not list her address. Mot. at 7. itD urges the opposite, again explaining that it did not list an address because it was instructed not to by the Clerk of the Court. Opp. at 12–13. It is true that the summons does not list Priya Kotha's address, ECF No. 21, but as explained, such technical defects do not justify dismissal absent a showing of prejudice. *Chan*, 39 F.3d at 1404. Priya Kotha likewise makes no attempt to demonstrate prejudice, and the Court accordingly does not find that this defect in the summons warrants dismissal.

### B.  Service of Process

Priya Kotha contends that service of the FAC by email was improper because it did not comply with the procedure set out in the Hague Service Convention. Mot. at 7–8. itD argues that

United States District Court
Northern District of California

8

United States District Court
Northern District of California

service was valid because the Court explicitly allowed email service of the summons, TRO, and First Amended Complaint.  Opp. at 14–15.

As explained above, Rule 4(f) of the Federal Rules of Civil Procedure provides several means by which a plaintiff may serve an individual "at a place not within any judicial district of the United States."  Fed. R. Civ. P. 4(f).  An individual or corporation may be served in a foreign country "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Rule 4(f)(3) further provides for service "by any other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).

Both the United States and India are signatories to the Hague Service Convention.  The Hague Service Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988).  Although service through a country's Central Authority is the principal means of service under the Hague Service Convention, Article 10 of Convention also permits other forms of service provided that the state of destination does not object.  Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 1969 WL 97765, Art. 10.  India has formally objected to Article 10.  *Zoho Corp. v. Target Integration, Inc.*, No. 23-cv-00054-SI, 2023 WL 2837676, at *3 (N.D. Cal. Apr. 7, 2023).

Nonetheless, where circumstances have so warranted, "numerous courts have authorized alternative service under Rule 4(f)(3) [of the Federal Rules of Civil Procedure] even where the Hague Convention applies.  This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention."  *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011).

Here, itD did not file a motion requesting, and the Court did not permit, alternative service under Rule 4(f)(3) by email.  It is true that the Court ordered itD to file proof of service of the

9

"Summons, First Amended Complaint, the Motion for a Temporary Restraining Order and Preliminary Injunction, [and] the accompanying declarations and exhibits" by the following day, and permitted email service of those documents. ECF No. 13. That Order ensured that Defendants had actual notice of, and an opportunity to respond to, the emergency motion. Nowhere does the Order indicate that it was authorizing alternative service under Rule 4(f)(3), so itD's formal service obligations remain in place. Thus, the Court finds that service of process on Priya Kotha was insufficient under Rule 4 and the Hague Service Convention. Rather than dismiss the complaint as to Priya Kotha at this time, the Court will exercise its discretion to instead quash service of process because there is a reasonable prospect that service may yet be obtained. *S.J.*, 470 F.3d at 1293 ("[T]he district court has discretion to dismiss an action or to quash service."). In the event Plaintiff's good faith effort to complete service under the Hague Service Convention fails or unreasonably delays this case, Plaintiff may request a Court Order authorizing alternate service.

Because the Court grants the motion on the basis of insufficient service of process, the Court need not address the Parties' arguments with respect to personal jurisdiction.

## VII.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Raju Kotha and Priya Kotha's Motion to Dismiss the FAC, ECF No. 41, is GRANTED-IN-PART AND DENIED-IN PART as follows:

(1) The Motion is DENIED as to Raju Kotha.

(2) The Court QUASHES service of process with respect to Priya Kotha. Priya Kotha's motion is DENIED to the extent that it requests dismissal.

Dated:  January 29, 2026

_____
BETH LABSON FREEMAN
United States District Judge