**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ITALENT CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>RAJU KOTHA, et al.,<br><br>            Defendants. | Case No.  25-cv-06365-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Re:  ECF No. 89] |

Before the Court is Plaintiff iTalent Corporation's ("itD") motion for leave to file a second amended complaint.  ECF No. 89 ("Mot.").  No opposition has been filed, and the deadline to respond has passed.  *See* Civil L.R. 7-3(a).  The Court finds that this motion is suitable for resolution without oral argument and VACATES the hearing set for October 22, 2026.  The motion for leave to amend is GRANTED as discussed below.

This action arises from an alleged conspiracy among a number of defendants to wrest control of itD's effective subsidiary and spin it off as a competitor.  According to itD, its continued investigation has revealed that the conspiracy "ran far deeper than initially understood," necessitating the addition of several new defendants, updated allegations, and a new claim.  Mot. at 2–3.

itD's motion is governed by Federal Rule of Civil Procedure 15, because the motion was filed within the period set by the Court for seeking leave to amend under the liberal standard of Rule 15 rather than the more demanding standard of Rule 16.  *See* ECF No. 86.  Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks and citation omitted).  In

United States District Court
Northern District of California

deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052.

Having considered itD's moving papers and proposed second amended complaint (ECF No. 90-1), the Court does not find any of the *Foman* factors to be present here. The motion is also unopposed. Accordingly, under Rule 15's liberal standard, Plaintiff's motion for leave to amend is GRANTED. itD SHALL file its second amended complaint by **May 28, 2026**.

Dated: May 21, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California